UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LAKESHA NORINGTON, | ) |
| | ) |
| Petitioner, | ) |
| | ) CAUSE NO. 3:12-CV-520 RM |
| vs. | ) |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

OPINION AND ORDER

Lakesha Norington, also known as Shawntrell Marcel Norington,[1] a *pro se* prisoner, filed a habeas petition challenging a prison disciplinary proceeding. On February 16, 2012, Ms. Norington was found guilty of threatening staff under cause number WCU 12-01-0553. The charge was initiated on January 26, 2012, when Sergeant Kimberly Bernacki prepared a conduct report stating as follows:

> On the above date and time [1/23/12 at approximately 7:00 a.m.] I Sgt. Bernacki was located in the Westville Control Unit receiving area. Offender Norington, Shawntrell 138726 was placed in the observation 1 cell. I was speaking to Offender Norington by saying "Good morning sir how are you today?" [H]e did not respond so I repeated myself. He said "I have told you twice not to disrespect me by calling my sir." I have explained to Offender Norington previously that is how I speak and I mean no disrespect by calling him sir. This is a male facility. Offender Norington then threatening [sic] stated "You keep disrespecting me and you find yourself getting hurt" I held up my hand to stop him and left the room.

On January 27, 2012, Ms. Norington was notified of the charge and given a copy of the conduct report. She pleaded not guilty, requested a lay advocate, and didn't request

---

[1] Ms. Norington was born a male but identifies herself as a female, and as she refers to herself with female pronouns the court does so here out of courtesy.

any physical evidence. She asked for a witness statement from a fellow inmate, Adam Nowak, and requested that Sergeant Bernacki be present at the hearing. A statement request was sent to Mr. Nowak on January 27, 2012. The hearing officer postponed the hearing twice, waiting for Mr. Nowak to submit a statement.

On February 16, 2012, a hearing was held on the charge. No witness statement was ever received from Mr. Nowak. The request for Sergeant Bernacki to be present at the hearing was denied, since her account was reflected in the conduct report. In her defense, Ms. Norington made the following statement:

> I did not make that threat. I did not respond when she said hello sir. She did repeat hello. I did tell her she would find herself at a grip of emotion. I never threatened her. If you keep disrespecting me you will find yourself at a grip of emotion. The end of my emotions [sic]. I felt she was intentionally disrespecting me. This was not our 1st conversation about her disrespecting me.

The hearing officer considered this statement along with staff reports, and found Ms. Norington guilty. As a result she lost thirty days of earned time credits. Her administrative appeals were denied, and she filed this petition.

When prisoners lose earned time credits in prison disciplinary hearings, the Fourteenth Amendment Due Process Clause guarantees them certain procedural protections: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. Wolff v. McDonnell, 418 U.S. 539, 564-66 (1974). To satisfy due process, there must

also be "some evidence" in the record to support the hearing officer's determination. Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 455 (1985).

The bulk of Ms. Norington's claim s are premised on alleged violations of internal prison policies in connection with the screening and hearing process. Even if prison policies were violated, this wouldn't provide a basis for granting federal habeas relief. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (federal habeas relief can't be granted for violations of state law); Hester v. McBride, 966 F. Supp. 765, 774-775 (N.D. Ind. 1997) (claim premised on a violation of the ADP wasn't cognizable in federal habeas proceeding).

Ms. Norington also claims she was denied the right to an impartial decision-maker. In the prison disciplinary context, adjudicators are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper bias is high." Piggie v. Cotton, 342 F.3d 660, 666 (7th Cir. 2003). Due process prohibits a prison official who was personally and substantially involved in the underlying incident from acting as a decision-maker in the case. Id. wasn't Norington doesn't claim that occurred here, and instead complains that the hearing officer allowed the screening officer to sit through the hearing in violation of prison policy. As already stated, this court can't grant habeas relief based on a violation of prison policy. Nor is there any indication that the screening officer participated in any way or otherwise improperly interfered with the decision-making process. Ms. Norington hasn't established a violation of her federal due process rights on this ground.

Ms. Norington also claims that her due process rights were violated because she was prevented from questioning Sergeant Bernacki at the hearing. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. at 556. Unlike a criminal defendant, Ms. Norington didn't have a right to confront or cross-examine adverse witnesses at her hearing. Id. at 568; Rasheed-Bey v. Duckworth, 969 F.2d 357, 361 (7th Cir. 1992). Furthermore, Sergeant Bernacki's account was considered by way of the conduct report, and Ms. Norington herself corroborated many aspects of this account. Although she differed somewhat over the wording of her statement to Sergeant Bernacki, she admitted she was angry about Sergeant Bernaski calling her "sir" and made a statement that could have been interpreted as threatening. She doesn't clearly explain, nor can the court discern, what she could have gained by Sergeant Bernacki's presence at the hearing. She hasn't established a violation of her due process rights on this ground.

Ms. Norington also claims that she was "denied" her right to obtain a witness statement from Mr. Nowak. A prisoner has a limited right to present exculpatory evidence in his or her defense, consistent with correctional goals and safety. Wolff v. McDonnell, 418 U.S. at 566. A hearing officer may deny witnesses or evidence requests that threaten institutional goals or are irrelevant, repetitive, or unnecessary. Piggie v. Cotton, 342 F.3d at 666. The denial of evidence is considered harmless unless the prisoner can show that the evidence could have aided his or her defense. See Jones v. Cross, 637 F.3d 841, 848 (7th Cir. 2011); Piggie v. Cotton, 342 F.3d at 666.

4

Here, Ms. Norington's witness request wasn't "denied" by the hearing officer. A statement was requested from Mr. Nowak, but he never submitted one. After waiting a reasonable period, the hearing officer went ahead with the hearing. The respondent asserts, without contradiction from Ms. Norington, that the provision of witness statements by an inmate is purely voluntary. Moreover, Ms. Norington does not explain what Mr. Nowak's proposed testimony might have been or how it could have exculpated her from the charge. Without such a showing, any error that occurred in connection with this witness — if there was an error — is considered harmless. Ms. Norington hasn't established that she is entitled to habeas relief on this ground.

Finally, Ms. Norington challenges the sufficiency of the evidence. In reviewing a disciplinary determination for sufficiency of the evidence, courts don't "conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." McPherson v. McBride, 188 F.3d 784, 786 (7th Cir. 1999). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Hill v. Sup't, 472 U.S. at 455-456. Courts overturn a hearing officer's decision only if "no reasonable adjudicator could have found [the prisoner] guilty of the offense on the basis of the evidence presented." Henderson v. United States Parole Comm'n, 13 F.3d 1073, 1077 (7th Cir. 1994).

Ms. Norington claims that the statement attributed to her was false. Ms. Norington offered a strikingly similar account of what occurred, and indeed, the statement she

5

admitted making could reasonably have been interpreted as threatening. But Sergeant Bernacki claimed Ms. Norington told her she was going to get "hurt" if she didn't not stop calling Ms. Norington "sir," and whose account was more credible was a determination for the hearing officer to make. This court isn't allowed to reweigh the evidence and make its own determination of guilt or innocence. The only question is whether there is some evidence in the record to support the hearing officer's determination that Ms. Norington threatened Sergeant Bernacki, and this standard is satisfied. *See* Hill v. Sup't, 472 U.S. at 457 (evidence was sufficient even though it was "meager"); Moffat v. Broyles, 288 F.3d 978, 988 (7th Cir. 2002) (witness statements constituted some evidence); McPherson v. McBride, 188 F.3d at 786 (7th Cir. 1999) (conduct report alone provided some evidence of guilt).

For the reasons set forth above, the court DENIES petition (DE 1).

SO ORDERED

ENTERED: August  12 , 2013.          /s/ Robert L. Miller, Jr.
                                      Judge
                                      United States District Court